Caeuthees, J.,
delivered tbe opinion of tbe court.
This is a motion for judgment against tbe defendant, as sheriff of Davidson county, and bis sureties, made 22d January, 1852, “for failure to return an execution in favor of said Watkins, and against Edwin W. Hickman.”
At May Term, 1853, of tbe circuit court of Davidson county, tbe motion was considered and dismissed, and appeal taken.
' It is insisted for Barnes: 1. That be bad no notice of tbe intended motion as required by law; tbe motion having been made at a term, subsequent to that to which tbe fi. fa. was returnable. This is not an open question. It has been several times decided by this court, that appearance and defence cures tbe defect. Tbe notice is not tbe commencement of tbe suit, nor judicial process, but the individual act of tbe party, required by tbe statute for the benefit of tbe party to be moved against, that be ’may have an opportunity to contest tbe motion. But, if he should appear without it, the object of tbe notice is answered, and he cannot defeat tbe proceeding on that ground. 6 Humph., 98, Broughton vs. Allen.
i 2. That tbe motion is . for a failure to return the execution, and tbe ground relied upon, the question presented by tbe facts shewn in the bill of exceptions, is, whether the return though made in due and proper time is, “ an insufficient return,” and' not a full and perfect response to the writ.
Without examining or deciding whether the return is 61 insufficient ” or not, we have no ' hesitation in bolding that a motion made for a faHwre to return, *204 cannot be sustained by showing an msuffioient or false ret/wrn.
The act of 1835, ch. 19, § 6, Car. & Nich., 300, authorizing this summary proceeding against sheriffs, makes four distinct grounds for it. 1. Failure to make due and proper return of an execution received by him.
This means, that the process must not only be handed into the office of the clerk who issued it at the time prescribed by law, but he must endorse his action upon it for the inspection of .the court, and the information of the parties.
2. “An insufficient return.”
3. “ A false return.”
4. “ Where it is returned, that the whole or a part of the money is collected, and fails to pay it over.
These are the only cases in which a collecting officer is made liable, in this summary way, by which he is deprived of a jury trial. In all other cases of neglect, or unfaithful discharge of duty, he can only be proceeded against in the common law action and rendered liable to damages by the verdict of a jury upon general principles. The great stringency and rigor of this statutory proceeding, though perhaps, necessary and proper to enforce a faithful discharge of duty by these officers in the particulars designated, would seem to dictate the propriety of requiring reasonable strictness in the proceedings, and a close adherence to the provisions of the statute. It is a new and speedy remedy, unknown to the common law, in which the party is deprived of the benefit of a jury trial, so much favored in our system. It is liable to great abuse and hardship, and often most unjust in its operation and consequences.
*205 The motion is the commencement of the snit, and the record must show distinctly the particular ground upon which it is made, and upon that the judgment to be valid must be rested. If that is not sustained, the motion fails. In this case the motion is made for failure to return the executi.cn)-, and the case proposed to be made out, is, that the return is insufficient.
This cannot be done, and the judgment of the circuit court is affirmed.